McKinney, J,,
delivered the opinion of the Court.
This suit commenced before a justice. The warrant issued on the 12th November, 1852, in detinue, for the wrongful detention of “ one cart worth $25.00, one log-chain, worth $5.00, and one drawing chain, worth $1.00.” The justice gave judgment in favor of the plaintiff, Mize, for $25.00, and the defendant, Kelly, appealed to the Circuit Court. On the trial in the Circuit Court the jury found for the plaintiff, and judgment thereon, in proper form, was rendered; to reverse which the case is brought here by an appeal 'in error.
The proof shows, that on the 11th of October, 1852, the plaintiff Mize, sued out a former warrant, in trover, against Kelley, to recover for the wrongful conversion of the same identical property described in the present warrant. On the 15th of October, 1852, this former suit was tried by the justice upon the merits, and a formal judgment was rendered against *61 the plaintiff, which was acquiesced in, and still remains in full force.
There is proof sufficient, however, in the record before us, to warrant the' conclusion, that the judgment in the former suit was erroneous, and against the justice as well as law of the case; and that a certain paper purporting to be an acknowledgment of satisfaction of all claims and demands against Kelley — ■ which was used in evidence on the trial of the former suit, and upon which the justice mainly based his judgment — was without consideration, and procured by fraud and improper means.
The former judgment was set up and relied upon, on the trial, in bar of the present suit. The charge of the Court is not set forth in the bill of exceptions, and is conceded to have been unexceptionable. The naked question therefore, is, whether, upon the foregoing facts, the verdict can be supported?
We think not. It is fully established that in the former suit between the same parties, the cause of action or matter in issue, was identically the same: that the parties were present, by themselves, or authorized agents; that the evidence on both sides was heard by the justice; and that the decision was upon the merits. It matters not, that the justice erred in judgment, in his conclusions, both in respect to the law and facts of the case; nor does it matter, so far as respects the legal effect of the former judgment, that the evidence upon which it was founded, was improperly obtained. The judgment having been acquiesced in, is conclusive, and forms a positive bar to another suit founded upon the same cause of action. *62 This, then, is the case of a verdict, not only unsupported by evidence, but directly in the face of both law and evidence, and on this ground the judgment must be reversed.